## AUGUST MANKE v. SUSAN MANKE.

*Deed by husband to wife—Fraud—Competency of grantor—Agreement in consideration of marriage.*

1. A *verbal* promise to convey land in consideration of marriage is a sufficient *moral* obligation to make its fulfillment legal, except as against creditors.
2. A man who is sane and intelligent cannot be held incapable of providing for his wife, whether wisely or unwisely.

Appeal from Wayne. (Gartner, J.) Argued June 12, 1889. Decided June 21, 1889.

Bill filed by husband to set aside deed to his wife as obtained by undue influence. Complainant appeals from decree dismissing the bill. Decree affirmed. The facts are stated in the opinion.

*George A. Chase,* for complainant.

*Grosvenor, Bragdon & Grosvenor,* for defendant.

CAMPBELL, J. This case involves no legal questions, but is one of fact.

Complainant, who had been twice married before, was in October, 1884, married to defendant, he being over 60 years old, and she a widow some 15 years younger. He had a large family, mostly, but not all, grown up, and she had also some children. She then lived on a farm of her former husband, in or near Rogers City. He had land in that region, and had also a farm of 80 acres in Sumpter, Wayne county. They went upon this latter farm to live, and still live on it. Not very long after their marriage he, with her assent, conveyed his northern land to his children. In February, 1886, complainant conveyed his home farm to defendant. This

conveyance he seeks to have set aside, as obtained by undue influence.

The court below found that there was no evidence of fraud, undue influence, or other improper dealings in obtaining it. The testimony strongly indicates that he verbally promised defendant that, if she would marry him, she should have the farm. If so, although that promise should have been in writing under the statute of frauds, it still was a sufficient moral obligation to make its fulfillment legal, except as against creditors, and no such difficulty exists here. But, whether there was any such agreement or not, there was nothing illegal in her desiring and seeking for a conveyance, provided complainant was not defrauded or put under pressure which he could not easily resist. A man who is sane and intelligent cannot be held incapable of providing for his wife, whether wisely or unwisely. We find nothing to indicate that he was not able to manage his own affairs, and do what he would with his own; neither do we find in defendant's subsequent conduct anything to indicate that she had acted in any fraudulent or sinister way. The parties never quarreled or separated, and do not seem to have found the transaction a reasonable cause of discord. The bill was not filed until over a year and a half after the conveyance, and up to that time, at least, they got along well enough. We do not think there is anything which would justify us in disturbing the decree below, that would not assume that a husband cannot, under any circumstances, give his property to his wife without raising a presumption of fraud. There is no such rule of law.

The decree must be affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred. MORSE, J., did not sit.